### HORRIGAN *v.* KLOCK

1. CONSTITUTIONAL LAW—STATUTES—UNCONSTITUTIONALITY.
   Generally, an unconstitutional statute is wholly void and ineffective for any purpose from the time of its enactment, not from the time of the decision so branding it.

2. STATUTES—GOVERNMENTAL IMMUNITY—UNCONSTITUTIONALITY.
   A section of a statute providing for governmental immunity from all tort liability in all cases where the government agency is engaged in the exercise and discharge of a governmental function is unconstitutional from the date of its enactment (MCLA § 691.1407).

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 June 11, 1970, at Lansing. (Docket No. 6,671.)   Decided October 2, 1970.

Complaint by Albert P. Horrigan, Administrator of the Estate of William F. Argetsinger, against Henry Klock, Flint police officer, for damages arising out of a shooting.   Plaintiff's motion to join the City of Flint as a defendant was denied.   Judgment on a jury verdict of no cause of action.   Plaintiff appeals.   Reversed and remanded.

*Benton, Hicks, Beltz & Behm (John D. Nickola, of counsel),* for plaintiff.

*Edward P. Joseph,* for defendant.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 16 Am Jur 2d, Constitutional Law §§ 126, 177, 178, 181.

Before: McGregor, P. J., and Bronson and Ma-
hinske,* JJ.

Per Curiam. This case is an appeal from a jury
verdict of no cause of action rendered against plain-
tiff as administrator of the estate of the decedent,
William F. Argetsinger. The cause was a tort ac-
tion and arose out of the shooting of the decedent by
defendant, an officer of the Flint Police Department.

Appellant raises four issues in this appeal, only
one of which is dispositive, as it requires that we
reverse and remand for a new trial. The complaint
in this cause was filed on December 19, 1967. On the
first day of trial, November 20, 1968, the plaintiff
filed a motion to join the City of Flint as a party
defendant. The trial court denied the motion for
the reason of governmental immunity, MCLA § 691-
.1407 (Stat Ann 1969 Cum Supp § 3.996[107]). On
June 25, 1969, this Court handed down its decision
in *Maki* v. *City of East Tawas* (1969), 18 Mich App
109, declaring that statute unconstitutional, insofar
as it granted immunity to governmental bodies from
all tort actions.

The statute was passed by the Legislature in 1964
and became effective in 1965. In the case of *Briggs*
v. *Campbell, Wyant & Cannon Foundry Company*
(1966), 2 Mich App 204, *aff'd,* 379 Mich 160, the court
stated that an unconstitutional statute is void from
the date of its passage. Quoting from 16 Am Jur 2d,
Constitutional Law, § 177, pp 402, 403, the court
stated:

" 'The general rule is that an unconstitutional stat-
ute, though having the form and name of law, is in
reality no law, but is wholly void, and ineffective for
any purpose; since unconstitutionality dates from
the time of its enactment, and not merely from the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

date of the decision so branding it, an unconstitutional law, in legal contemplation, is as inoperative as if it had never been passed.' " 2 Mich App 204, 218.

Resultingly, the decision of this Court in *Maki, supra,* is fully retroactive and the statute declared unconstitutional there was void on the date it was passed. As a result, the trial court, through no fault of its own, erred when it did not permit the plaintiff to join the City of Flint as a party defendant. The city did not enjoy any immunity under the void statute.

Accordingly, the case is reversed and remanded for a new trial.