STANFILL v POWERS

AUTOMOBILES—GUEST PASSENGERS—CONSTITUTIONAL LAW—STATUTES
—EQUAL PROTECTION.

An instruction to a jury that an injured guest passenger could recover from the owner-operator of an automobile only if the operator's conduct constituted gross negligence, was reversible error because the guest passenger statute is unconstitutional as violative of the Equal Protection Clause of the Michigan Constitution (Const 1963, art 1, § 2, MCLA 257.401; MSA 9.2101).

Appeal from Wayne, Horace W. Gilmore, J. Submitted March 2, 1976, at Detroit. (Docket No. 24912.) Decided April 6, 1976.

Complaint by Eugene Stanfill, a guest passenger, against Larry Powers, an owner-operator, for damages for injuries from an automobile accident. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Rader & Eisenberg, P. C.,* for plaintiff.

*Rouse, Selby, Dickinson, Pike & Mourad,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and Mc-GREGOR and N. J. KAUFMAN, JJ.

D. E. HOLBROOK, JR., P. J. Plaintiff, a guest passenger, instituted suit against the defendant, owner-operator, following a single-vehicle accident

---

REFERENCES FOR POINTS IN HEADNOTE
8 Am Jur 2d, Automobiles and Highway Traffic § 472.
Constitutionality of automobile guest statutes. 111 ALR 1011.

which occurred on July 4, 1970. A jury trial was held on May 5 and 6, 1975, resulting in a verdict of no cause of action.

On appeal plaintiff raises two allegations of error. Resolution of the first, however, is dispositive.

Plaintiff initially contends that the trial court reversibly erred by instructing the jury that under the guest passenger statute, MCLA 257.401; MSA 9.2101, it was necessary for the jury to find that the defendant's conduct constituted gross negligence in order for the plaintiff to recover. We agree with plaintiff's contention.

In *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975), the Michigan Supreme Court in a 3–2 decision held the guest passenger statute unconstitutional as violative of the Equal Protection Clause of the Michigan Constitution. While we do not feel bound to follow a 3–2 decision of the Michigan Supreme Court, we nevertheless choose to do so for two reasons. First, we agree with the logic and reasoning of Justice LEVIN's majority opinion in that case. Second, while *Manistee Bank & Trust Co v McGowan, supra,* standing alone is not binding precedent we conclude that when considered in conjunction with *Dunham v Lowinger,* 395 Mich 793 (1976), a 6–0 determination, it is.

The jury verdict is therefore set aside and this case is remanded to the trial court for a new trial.

Reversed and remanded.