OLD RELIABLE FIRE INSURANCE COMPANY v SCHAUB

Docket No. 77-2861. Submitted June 14, 1978, at Lansing.—Decided August 21, 1978.

Prior to the Supreme Court's holding that the Michigan guest passenger statute was unconstitutional *(Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 [1975]), Martha J. Schaub was injured while riding a motorcycle which was owned and operated by her husband, Stephen W. Schaub, and insured by Old Reliable Fire Insurance Company. Subsequent to the Supreme Court's ruling Martha J. Schaub filed suit against her husband for damages for her injuries, alleging negligence. Her husband forwarded the summons and complaint to Old Reliable, which instituted an action against Mr. and Mrs. Schaub for a declaratory judgment that it is not obligated to defend its insured or to pay any damages to Mrs. Schaub. The Oakland Circuit Court, John N. O'Brien, J., denied the requested relief. Old Reliable Fire Insurance Co. appeals. *Held:*

The Supreme Court's holding that the Michigan guest passenger statute was unconstitutional applies retroactively.

Affirmed.

AUTOMOBILES—NEGLIGENCE—CONSTITUTIONAL LAW—STATUTES— GUEST PASSENGER STATUTE—RETROACTIVITY OF UNCONSTITUTIONALITY.

The Supreme Court's ruling that the Michigan guest passenger statute is unconstitutional applies retroactively (MCL 257.401; MSA 9.2101).

*Barbier, Goulet, Petersmarck & McFarland, P. C.,* for plaintiff.

Before: D. E. HOLBROOK, P. J., and M. J. KELLY and P. R. MARUTIAK,* JJ.

REFERENCES FOR POINTS IN HEADNOTE

8 Am Jur 2d, Automobiles and Highway Traffic § 472.

73 Am Jur 2d, Statute §§ 350, 351.

Constitutionality of automobile and aviation guest statutes. 66 ALR3d 532.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. On July 7, 1975, defendant Martha Jane Schaub was injured while riding as a passenger on a motorcycle that was owned and operated by her husband, codefendant Stephen William Schaub, and insured by plaintiff. On January 22, 1976, Martha Schaub filed suit against her husband for ordinary negligence.

Subsequent to the date of the accident but prior to the date that Martha Schaub filed her suit, the Supreme Court released its decision in *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975).[1] In that case, the Supreme Court held unconstitutional the Michigan guest passenger statute. MCL 257.401; MSA 9.2101. That statute had limited tort recovery by passengers in a motor vehicle to cases where the driver was guilty of gross negligence or willful and wanton misconduct. On July 20, 1976, plaintiff instituted the present action for declaratory judgment, arguing that the *Manistee Bank* case was not to be given retrospective application, and therefore, it was not liable for the ordinary negligence of its insured, Stephen Schaub. In an opinion dated July 7, 1977, the lower court held that the Supreme Court's decision in *Manistee Bank* was to be applied retroactively and that plaintiff was required to defend Stephen Schaub in the action brought against him by his wife. From this opinion, plaintiff now appeals.

As is noted by plaintiff, the opinion of the Supreme Court in the *Manistee Bank* case does not state whether it is to be given retroactive effect. However, that it was the Supreme Court's intention to apply *Manistee Bank* retrospectively is made clear in its disposition of *Dunham v Low-*

---

[1] The Supreme Court's opinion in the *Manistee Bank* case was released on September 8, 1975.

*inger,* 395 Mich 793; 235 NW2d 153 (1975). There, on the basis of *Manistee Bank,* the Supreme Court reversed a 1973 decision of this Court. See also *Stanfill v Powers,* 68 Mich App 488; 243 NW2d 24 (1976) (applying *Manistee Bank* to a July 4, 1970, accident and a May, 1975, trial).

These opinions, applying *Manistee Bank* retrospectively, are in accord with the general rule that unconstitutional statutes are void *ab initio. Stanton v Lloyd Hammond Produce Farms,* 400 Mich 135; 253 NW2d 114 (1977), *Horrigan v Klock,* 27 Mich App 107; 183 NW2d 386 (1970). Thus, in conformity with this general rule pertaining to the application of unconstitutional statutes, and noting that the Supreme Court seems to have intended that the *Manistee Bank* case be applied retrospectively, we affirm the lower court's denial of declaratory relief to plaintiff. Plaintiff is obliged to defend its insured, Stephen Schaub, in the action brought against him by his wife and to pay, within the limits set forth in the policy it issued to him, such judgment as may be rendered against him.

Affirmed.