DANIEL v COLLIER

Docket No. 54983. Submitted June 9, 1981, at Lansing.—Decided February 2, 1982. Leave to appeal applied for.

Diane Daniel brought a paternity action on March 5, 1980, in the Saginaw Circuit Court against Walter R. Collier concerning a child born December 18, 1973. Defendant moved for accelerated judgment which the court, Hazen R. Armstrong, J., granted on the ground that the action was barred by the six-year statute of limitations. Plaintiff appealed. *Held:*

The six-year statute of limitations in paternity actions is not an unconstitutional violation of equal protection.

Affirmed.

1. CONSTITUTIONAL LAW — EQUAL PROTECTION — CHILDREN BORN OUT OF WEDLOCK.

The test of whether or not a statute unconstitutionally discriminates on the basis of illegitimacy is whether the statute is substantially related to permissible governmental interests.

2. CHILDREN BORN OUT OF WEDLOCK — LIMITATION OF ACTIONS — PATERNITY ACTIONS.

The six-year statute of limitations for the bringing of paternity actions is substantially related to the state's legitimate interest in discouraging the bringing of stale or fraudulent claims and is not unconstitutionally discriminatory (MCL 722.714[b]; MSA 25.494[b]).

*Robert L. Kaczmarek,* Prosecuting Attorney, and *Roy DeGresero,* Assistant Prosecuting Attorney, for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES

[1] 16A Am Jur 2d, Constitutional Law §§ 744, 750, 767.

Discrimination on basis of illegitimacy as denial of constitutional rights. 38 ALR3d 613.

[2] 10 Am Jur 2d, Bastards § 78.

Statute of limitations in illegitimacy or bastardy proceedings. 59 ALR3d 685.

*Jerome E. Burns, Attorney, P.C. (by Thomas D. Burkhart), for defendant.*

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

M. F. CAVANAGH, J. Plaintiff commenced a paternity action on March 5, 1980, alleging that defendant was the father of her child, who was born on December 18, 1973. Defendant responded with a motion for accelerated judgment in lieu of an answer, raising the six-year statute of limitations defense, MCL 722.714(b); MSA 25.494(b). The trial court granted defendant's motion. Plaintiff. appeals as of right.

Defendant in an affidavit accompanying his motion stated that he never acknowledged the child, never contributed to the child's support, and had never been absent from the jurisdiction within the limitation period. Plaintiff did not controvert these facts but instead claimed that the limitation period was an unconstitutional violation of the Equal Protection Clause of the United States Constitution, US Const, Am XIV, and the Michigan Constitution, Const 1963, art 1, § 2. Plaintiff asserted that the limitation period of the paternity act unreasonably limits an action for support of an illegitimate child to a six-year period when legitimate children may maintain an action for support during their entire minority. The trial court disagreed. We affirm the trial court's decision.

MCL 722.714(b); MSA 25.494(b) provides:

"Sec. 4. (a) A proceeding in accordance with this act shall be brought by the mother, the father or the department of social services as provided hereafter. Complaints shall be made in the county where the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mother and child or 1 of them reside. If both the mother and child reside outside this state, then the complaint shall be made in the county where the putative father resides or is found. The fact that the child was conceived or born outside of this state shall not be a bar to entering a complaint against the putative father.

"(b) Proceedings in pursuance of this act may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than 6 years from the birth of the child, unless paternity has been acknowledged by the father in writing in accordance with statutory provisions. If any payment is made for support of the child in the 6-year period, the proceedings may be commenced any time within 6 years from the last of any such payment. If the defendant is outside the state during the 6-year period, the time he is so absent shall not be included in the 6-year period."

The United States Supreme Court has developed a middle-tier test for the purpose of examining alleged equal protection violations based on gender and illegitimacy. This test, sometimes called "rational basis with a bite", emerged from the Supreme Court's decision in *Craig v Boren,* 429 US 190; 97 S Ct 451; 50 L Ed 2d 397 (1976), in the Court's discussion of an alleged equal protection violation based on gender. A challenged statute alleging discrimination based on illegitimacy must be substantially related to permissible governmental interest, *Lalli v Lalli,* 439 US 259; 99 S Ct 518; 58 L Ed 2d 503 (1978).

Other state courts have examined the question of statutes limiting the period in which a cause of action for support of an illegitimate child may be pursued. Jurisdictions have come out on both sides of the issue. See *Cessna v Montgomery,* 63 Ill 2d 71; 344 NE2d 447 (1976), upholding a two-year limitation period, *Stringer v Dudoich,* 92 NM 98;

583 P2d 462 (1978), striking down a two-year limitation period, and *County of Lenoir ex rel Cogdell v Johnson,* 46 NC App 182; 264 SE2d 816 (1980), striking down a three-year limitation period. The United States Supreme Court in *Gomez v Perez,* 409 US 535; 93 S Ct 872; 35 L Ed 2d 56 (1973), held that a state may not deny illegitimate children a cause of action against the fathers for support while permitting legitimate children to bring such actions. After reviewing prior decisions on classifications by legitimacy, the Supreme Court held:

"Under these decisions, a State may not invidiously discriminate against illegitimate children by denying them substantial benefits accorded children generally. We therefore hold that once a State posits a judicially enforceable right on behalf of children to needed support from their natural fathers there is no constitutionally sufficient justification for denying such an essential right to a child simply because its natural father has not married its mother. For a State to do so is 'illogical and unjust.' [*Weber v Aetna Casualty & Surety Co,* 406 US 164, 175; 92 S Ct 1400; 31 L Ed 2d 768 (1972).] We recognize the lurking problems with respect to proof of paternity. Those problems are not to be lightly brushed aside, but neither can they be made into an impenetrable barrier that works to shield otherwise invidious discrimination. *Stanley v Illinois,* 405 US 645, 656-657 [92 S Ct 1208; 31 L Ed 2d 551] (1972); *Carrington v Rash,* 380 US 89 [85 S Ct 775; 13 L Ed 2d 675] (1965)." *Gomez, supra,* 538.

The Illinois Supreme Court in *Cessna, supra,* 83, relied on the decision in *Gomez* in holding:

"No Supreme Court case had indicated, and *Gomez* cannot be read to require, that illegitimates be given an unrestricted right throughout their minority to bring a paternity action. The State has a legitimate interest in

preventing the litigation of stale or fraudulent claims. (*Jimenez v Weinberger,* 417 US 628, 636; 94 S Ct 2496, 2501; 41 L Ed 2d 363, 370 [1974].) The State of Illinois Family Study Commission has concluded, even with the two-year limitation period, that paternity actions are beset with coercion, corruption and perjury. (Report and Recommendations to the 76th General Assembly, at 55 [1969].) It may well be that the longer the period between birth and suit the greater the possibility of fraud. At the very least, a defendant's problems of proof are substantially increased. In our judgment the General Assembly, in order to promote the State's legitimate interests, may establish any limitation period it deems appropriate so long as it is not so short as to be tantamount to the impenetrable barrier proscribed in *Gomez.*"

We agree with the *Cessna* Court. The six-year period of limitations is not unreasonable in light of the state's legitimate interest in discouraging the bringing of stale or fraudulent claims. The statute states that the action "shall be brought by the mother, the father or the department of social services", therefore, the appellant's argument that the current statute unfairly requires the initiation of suit during a time when the child labors under a disability is without merit.

The statute sub judice reasonably limits the period of time in which the paternity of a child may be affixed on a person not married to the child's mother at the time of the child's conception and birth. The Legislature has determined that the protection of an individual's right to be free from the threat of litigation for more than a reasonable time outweighs the interests of allowing paternity actions to be brought after a six-year period from the child's birth.

Affirmed. No costs.