SHIFTER v WOLF

Docket No. 59587. Submitted June 28, 1982, at Lansing.—Decided
October 6, 1982. Leave to appeal denied, 417 Mich 891.

Plaintiff, Ann Shifter, brought a paternity action on December
10, 1980, against defendant, Steven Wolf, alleging that he was
the father of her daughter, born on October 16, 1974. Thereaf-
ter, the Saginaw Circuit Court, Robert S. Gilbert, J., granted
defendant's motion for an accelerated judgment based on the
six-year statute of limitation contained in the Michigan pater-
nity act. Plaintiff appeals from the accelerated judgment and
from the denial of her petition for a rehearing thereon claiming
that the limitation period violates the Equal Protection Clauses
of the United States and Michigan Constitutions. *Held:*

1. The six-year statute of limitation is not a denial of equal
protection to illegitimate children and does not produce an
unfairness of constitutional magnitude.

2. Plaintiff's argument that modern blood testing prevents
fraudulent claims fails since such tests do not prove paternity
but rather prove nonpaternity. In Michigan blood tests may be
used in court only to exclude paternity and, therefore, where
paternity is not excluded by a blood test, the defendant is left
to traditional forms of proof which may be very difficult to
obtain more than six years after the fact.

Affirmed.

1. CHILDREN BORN OUT OF WEDLOCK — PATERNITY — CONSTITUTIONAL
    LAW — EQUAL PROTECTION — LIMITATION OF ACTIONS.

The six-year statute of limitation contained in Michigan's pater-
nity act is not a denial of equal protection to illegitimate
children since the period for obtaining support granted to

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur 2d, Bastards §§ 78, 79.

Statutes limiting time for commencement of action to establish
paternity of illegitimate child as violating child's constitutional
rights. 16 ALR4th 926.

Statute of limitations in illegitimacy or bastardy proceeding. 59
ALR3d 685.

[2] 10 Am Jur 2d, Bastards § 118.

illegitimate children is sufficient in duration to present a reasonable opportunity for those with an interest in such children to assert claims on their behalf, and because the time limitation placed on the opportunity to assert claims is substantially related to the state's interest in avoiding the litigation of stale or fraudulent claims (MCL 722.714[b]; MSA 25.494[b]).

2. CHILDREN BORN OUT OF WEDLOCK — BLOOD TESTS — EVIDENCE.
   The Michigan paternity act provides that the results of blood tests may be used in court only to exclude paternity (MCL 722.716[d]; MSA 25.496[d]).

*Robert L. Kaczmarek,* Prosecuting Attorney, and *Roy Degesero,* Assistant Prosecuting Attorney, Department of Social Services, Office of Child Support Enforcement, for plaintiff.

*Jerome E. Burns, P.C.* (by *Thomas D. Burkhart),* for defendant.

Before: R. B. BURNS, P.J., and D. F. WALSH and P. J. MARUTIAK,* JJ.

R. B. BURNS, P.J. On December 10, 1980, plaintiff filed a paternity action against defendant, alleging that he was the father of her daughter, born on October 16, 1974. MCL 722.711 *et seq.;* MSA 25.491 *et seq.* Defendant responded by moving for an accelerated judgment, GCR 1963, 116.1(5), based on the six-year statute of limitation contained in the Michigan Paternity Act. MCL 722.714(b); MSA 25.494(b). Defendant's motion was granted by order dated July 14, 1981. Plaintiff thereafter petitioned for rehearing, which was denied. This appeal followed.

Plaintiff claims that the six-year period of limitation in the Paternity Act, MCL 722.714(b); MSA 25.494(b), violates the Equal Protection Clauses of the Michigan and United States Constitutions by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

discriminating against illegitimate chidren in placing a time limit on their enforceable right to paternal child support when there is none for legitimate children.

Both article 1, § 2 of the Michigan Constitution and the Fourteenth Amendment to the United States Constitution provide that no person shall be denied the equal protection of the laws. In examining questions of alleged discrimination against illegitimate children, the United States Supreme Court, in *Gomez v Perez*, 409 US 535, 538; 93 S Ct 872, 875; 35 L Ed 2d 56, 60 (1973), stated that a state may not "invidiously discriminate against illegitimate children by denying them substantial benefits accorded children generally". The Court held that where a state "posits a judicially enforceable right on behalf of children to needed support from their natural fathers there is no constitutionally sufficient justification for denying such an essential right to a child" merely because he or she is illegitimate. See also *Mathews v Lucas*, 427 US 495; 96 S Ct 2755; 49 L Ed 2d 651 (1976).

Based on these principles, the United States Supreme Court has developed a middle-tier scrutiny test when examining alleged equal protection violations based on illegitimacy. Thus, this Court must determine whether the six-year statute of limitation bears a substantial relation to a permissible state interest.

We note initially that two panels of this Court have found the Michigan Paternity Act's limitation period to withstand equal protection scrutiny. See *McFetridge v Chiado*, 116 Mich App 528; 323 NW2d 470 (1982); *Daniel v Collier*, 113 Mich App 74; 317 NW2d 293 (1982). The Court stated in *McFetridge:*

"To the extent the limitation period causes disparate

treatment between legitimate and illegitimate children, it is substantially related to permissible governmental interests. *Lalli v Lalli,* 439 US 259; 99 S Ct 518; 58 L Ed 2d 503 (1978); *Daniel v Collier,* 113 Mich App 74; 317 NW2d 293 (1982). The governmental interest in this case is in discouraging the litigation of stale or fraudulent paternity claims. The limitation period here, which is six years, does not produce an impenetrable barrier effectively shielding otherwise invidious discrimination." 116 Mich App 531.

Subsequent to the Michigan Court of Appeals decision in *Daniel, supra,* the United States Supreme Court released its opinion in *Mills v Habluetzel,* 456 US 91; 102 S Ct 1549; 71 L Ed 2d 770 (1982), holding that a Texas statute barring paternity suits brought on behalf of illegitimate children more than one year after birth was violative of equal protection. Applying the two related requirements formulated by the Court in *Mills:* (1) that the period for obtaining support granted to illegitmate children must be sufficiently long in duration to present a reasonable opportunity for those with an interest in such children to assert claims on their behalf, and (2) that any time limitation placed on the opportunity must be substantially related to the state's interest in avoiding the litigation of stale or fraudulent claims, the six-year Michigan statute of limitation is not a denial of equal protection to illegitimate children. The Legislature's provision that actions must be commenced within six years does not produce an unfairness of constitutional magnitude. *McFetridge, supra; Daniel, supra.*

Plaintiff insists that, in light of modern, scientific blood testing, fraudulent claims are prevented. However, as the majority noted in *Mills, supra,* 456 US 98:

"Traditional blood tests do not prove paternity. They prove nonpaternity, excluding from the class of possible fathers a high percentage of the general male population. * * * Thus the fact that a certain male is not excluded by these tests does not prove that he is the child's natural father, only that he is a member of the limited class of possible fathers."

This reasoning is especially applicable in Michigan, where the Paternity Act provides that blood tests may be used in court only to exclude paternity. MCL 722.716(d); MSA 25.496(d). Therefore, where paternity is not excluded by a blood test, the defendant is left to traditional forms of proof which may be very difficult to obtain more than six years after the fact.

In light of the foregoing, we hold that the six-year period of limitation in the Paternity Act, MCL 722.714(b); MSA 25.494(b), does not violate the Equal Protection Clauses of the United States Constitution, US Const, Am XIV, or the Michigan Constitution, Const 1963, art 1, § 2.

Affirmed.