WOLFE v GENO

Docket No. 59696. Submitted October 7, 1982, at Lansing.—Decided December 21, 1982. Leave to appeal applied for.

Kathleen Wolfe gave birth to a child on February 2, 1973. On March 3, 1981, she brought a paternity action against David P. Geno. The Saginaw Circuit Court, Fred J. Borchard, J., granted defendant's motion for accelerated judgment based upon the six-year period of limitation for paternity actions. Plaintiff appeals. *Held:*

The six-year limitation on bringing a paternity action is not violative of equal protection under the state and federal constitutions. Also, a defendant's acknowledgment of paternity must be in writing to toll the running of the limitation period.

Affirmed.

1. PARENT AND CHILD — PATERNITY — LIMITATION OF ACTIONS.

The six-year limitation period within which a paternity action must be brought does not violate a plaintiff's right to equal protection under the state and federal constitutions (MCL 722.714[b]; MSA 25.494[b]).

2. PARENT AND CHILD — PATERNITY — LIMITATION OF ACTIONS.

An acknowledgment of paternity by a defendant in a paternity action must be in writing in order to toll the running of the six-year limitation period on such actions (MCL 722.714[b]; MSA 25.494[b]).

*Roy DeGesero,* Assistant Prosecuting Attorney, for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur 2d, Bastards §§ 78, 79.
Statute of limitations in illegitimacy or bastardy proceedings. 59 ALR3d 685.

[2] 10 Am Jur 2d, Bastards § 62.
Validity and construction of putative father's promise to support or provide for illegitimate child. 20 ALR3d 500.

Before: BEASLEY, P.J., and M. J. KELLY and W. S. WHITE,* JJ.

PER CURIAM. Plaintiff brought this paternity action against defendant on March 3, 1981, on behalf of her child, who was born on February 2, 1973. Defendant denied paternity and moved for accelerated judgment, raising the six-year statute of limitations, MCL 722.714(b); MSA 25.494(b). Following a hearing, the trial court granted defendant's motion and dismissed plaintiff's action. Plaintiff appeals as of right.

We reject plaintiff's argument that the limitation period of the paternity act, six years, violates the Equal Protection Clause of the state and federal constitutions. *Shifter v Wolf,* 120 Mich App 182; 327 NW2d 429 (1982).

Further, under the clear language of the statute, an acknowledgment of paternity by a defendant must be "in writing" in order to toll the running of the limitation period. MCL 722.714(b); MSA 25.494(b).

Affirmed.

---

* Circuit judge, sitting on the Court of Appeals by assignment.