DANIEL v COLLIER (ON REMAND)

Docket No. 74191. Submitted October 7, 1983, at Lansing.—Decided November 7, 1983. Leave to appeal denied, 419 Mich —.

Diane Daniel brought a paternity action on March 5, 1980, against Walter Collier, alleging that defendant was the father of her child born December 18, 1973. The Saginaw Circuit Court, Hazen R. Armstrong, J., granted accelerated judgment for defendant based on the six-year statute of limitations for such actions. Plaintiff appealed and the Court of Appeals affirmed, 113 Mich App 74 (1982). Plaintiff's application for leave to appeal to the Supreme Court was denied, 417 Mich 891 (1983). Plaintiff appealed to the United States Supreme Court, which vacated the judgment and remanded the case to the Court of Appeals for reconsideration in light of recent case law. 104 S Ct 53; 78 L Ed 2d 72 (1983). On remand, *Held:*

The six-year limitation period is sufficiently related to the state's interest in avoiding the litigation of stale or fraudulent claims and is sufficiently long so that it is not violative of equal protection rights.

Affirmed.

CHILDREN BORN OUT OF WEDLOCK — LIMITATION OF ACTIONS — EQUAL PROTECTION.

The statutory six-year period within which a paternity action must be brought is substantially related to the state's interest in avoiding the litigation of stale or fraudulent claims and is sufficiently long that it is not violative of equal protection rights (MCL 722.714[b]; MSA 25.494[b]).

*Robert L. Kaczmarek,* Prosecuting Attorney, and *Roy DeGesero,* Assistant Prosecutor, for plaintiff.

*Thomas D. Burkhart,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE

10 Am Jur 2d, Bastards §§ 74, 78.

Statutes limiting time for commencement of action to establish paternity of illegitimate child as violating child's constitutional rights. 16 ALR4th 926.

ON REMAND

Before: DANHOF, C.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

DANHOF, C.J. This case appears before this Court upon remand from the United States Supreme Court. *Daniel v Collier,* — US —; 104 S Ct 53; 78 L Ed 2d 72 (1983). In our initial opinion, *Daniel v Collier,* 113 Mich App 74; 317 NW2d 293 (1982), we rejected plaintiff's equal protection challenge to the six-year statute of limitations for the paternity act, MCL 722.714; MSA 25.494. The Michigan Supreme Court denied plaintiff's appliction for leave to appeal on February 22, 1983. *Daniel v Collier,* 417 Mich 891 (1983). Plaintiff then appealed to the United States Supreme Court, which vacated the judgment and remanded to this Court for reconsideration in light of *Pickett v Brown,* 462 US —; 103 S Ct 2199; 76 L Ed 2d 372 (1983).

Plaintiff commenced this paternity action on March 5, 1980, alleging that defendant was the father of her child born December 18, 1973. Defendant filed a motion for accelerated judgment on the ground that plaintiff's claim was barred by the statute of limitations. The trial court granted defendant's motion and we affirmed.

After careful examination of the decision in *Pickett,* we again find that the trial court correctly granted accelerated judgment to defendant. We find no equal protection violation in Michigan's six-year period of limitation for paternity actions.

In *Gomez v Perez,* 409 US 535; 93 S Ct 872; 35 L Ed 2d 56 (1973), the Supreme Court held that the equal protection clause of the Fourteenth Amendment prohibited the State of Texas from recognizing a judicially enforceable right of children to

support from their natural fathers but denying that same right to illegitimate children. After *Gomes,* Texas enacted a one-year statute of limitations. This limitation period was struck down by the Supreme Court in *Mills v Habluetzel,* 456 US 91; 102 S Ct 1549; 71 L Ed 2d 770 (1982). In *Mills,* the Court held that the statute imposed a burden on illegitimate children that was not shared by legitimate children and that the burden was not justified by the state's interest in avoiding the prosecution of stale or fraudulent claims.

The Court found Texas's one-year period of limitations to be an "unrealistically short time" since:

"Financial difficulties caused by childbirth expenses or a birth-related loss of income, continuing affection for the child's father, a desire to avoid disapproval of family and community, or the emotional strain and confusion that often attend the birth of an illegitimate child all encumber a mother's filing of a paternity suit within 12 months of birth." 456 US 100.

This same rationale was applied in *Pickett* to the two-year statute of limitations imposed by Tennessee. The two-year period was found to be insufficient to allow a reasonable opportunity for those with an interest in an illegitimate child to bring suit on his or her behalf. As noted by Justice O'Connor in her concurring opinion in *Mills* and quoted in *Pickett,* the reasons for a mother's being unwilling to initiate a paternity action, including emotional strain and a desire to avoid community and family disapproval, "May continue years after the child is born". 103 S Ct 2206. The Court in *Pickett* also found that the two-year limitation was not substantially related to the state's interest in avoiding the litigation of stale or fraudulent claims.

In Michigan, MCL 722.714(b); MSA 25.494(b), provides a six-year period of limitation:

"Proceedings in pursuance of this act may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than 6 years from the birth of the child, unless paternity has been acknowledged by the father in writing in accordance with statutory provisions. If any payment is made for support of the child in the 6-year period, the proceedings may be commenced any time within 6 years from the last of any such payment. If the defendant is outside the state during the 6-year period, the time he is so absent shall not be included in the 6-year period."

We conclude that this six-year limitation period is constitutional under the equal protection analysis set forth in *Mills* and in *Pickett.*

Within six years, a mother or other interested party has a reasonable opportunity to bring suit on behalf of an illegitimate child. The factors militating against a shorter period of limitation do not apply with equal force when the period is six years, since within that period the financial and emotional difficulties surrounding the birth have generally been resolved or are at least being handled in a sufficiently satisfactory fashion to allow the child's mother or guardian to bring suit on the child's behalf.

In addition, the six-year period is substantially related to the state's interest in avoiding the litigation of stale or fraudulent claims. As noted by the Supreme Court in *Mills,* proof in paternity cases "is often sketchy and strongly contested, frequently turning upon conflicting testimony from only two witnesses". 456 US 97. A six-year period of limitation is substantially related to the proof problems inherent in paternity cases. In our view,

if a six-year period of limitation is insufficient to
provide equal protection to illegitimate children,
then the only logical conclusion is that an action
for parental support on behalf of an illegitimate
child could be commenced throughout the child's
minority. We perceive no relevant distinction be-
tween a six-year limitation and one of eight years
or ten years. The Supreme Court specifically stated
in *Mills*, however, that:

"The fact that Texas must provide illegitimate chil-
dren with a bona fide opportunity to obtain paternal
support does not mean, however, that it must adopt
procedures for illegitimate children that are cotermi-
nous with those accorded legitimate children. Paternal
support suits on behalf of illegitimate children contain
an element that such suits for legitimate children do
not contain: proof of paternity." 456 US 97.

Since the equal protection clause does not man-
date that the rights of illegitimate children to
parental support be coterminous with those of
legitimate children and since we find the statute's
six-year period to be substantially related to the
state's interest, we again affirm the trial court's
grant of defendant's motion for accelerated judg-
ment.

Affirmed; no costs, a public question being in-
volved.