WOLFE v GENO (ON REMAND)

Docket No. 73404. Submitted August 29, 1983, at Lansing.—Decided
May 1, 1984. Leave to appeal applied for.

Kathleen Wolfe brought an action in the Saginaw Circuit Court
against David P. Geno on March 3, 1981, alleging that Gino
was the father of a child born to plaintiff on February 2, 1973.
The court, Fred J. Borchard, J., granted accelerated judgment
on the ground that the action was barred by the six-year
statute of limitations. Plaintiff appealed and the Court of
Appeals affirmed, 122 Mich App 250 (1982). Plaintiff sought
leave to appeal in the Supreme Court and the Court, in lieu of
granting leave to appeal, remanded to the Court of Appeals for
consideration in light of *Pickett v Brown,* — US —; 103 S Ct
2199; 76 L Ed 2d 372 (1983), 417 Mich 1090 (1983). On remand,
*held:*

The statutory six-year period within which a paternity action
must be brought is substantially related to the state's interest
in avoiding the litigation of stale or fraudulent claims and is
sufficiently long so that it is not violative of equal protection
rights.

Affirmed.

CYNAR, J., dissented. He noted that paternity actions involve
other present and future rights of the child in addition to the
right to receive child support. He would reverse the judgment
of dismissal and remand to the trial court for addition of the
child as a party, appointment of an appropriate representative
and an order for the parties to brief and argue the issue of the
future rights of the child.

CHILDREN BORN OUT OF WEDLOCK — PATERNITY — LIMITATION OF
    ACTIONS — EQUAL PROTECTION.

The statutory six-year period within which a paternity action
must be brought is substantially related to the state's interest
in avoiding the litigation of stale or fraudulent claims and is

REFERENCES FOR POINTS IN HEADNOTE
10 Am Jur 2d, Bastards §§ 78, 79.
Statute of limitations in illegitimacy or bastardy proceedings. 59
ALR3d 685.

sufficiently long so that it is not violative of equal protection
rights (MCL 722.714[b]; MSA 25.494[b]).

*Robert L. Kaczmarek,* Prosecuting Attorney, and
*Roy Degesero,* Assistant Prosecuting Attorney, for
plaintiff.

ON REMAND

Before: BEASLEY, P.J., and M. J. KELLY and CY-
NAR, JJ.

PER CURIAM. Plaintiff filed this paternity action
on March 3, 1981, alleging that defendant was the
father of her child born on February 2, 1973. The
trial court granted defendant's motion for acceler-
ated judgment pursuant to GCR 1963, 116.1(5), on
the ground that plaintiff's cause of action was
barred by the six-year statute of limitations appli-
cable to paternity actions. MCL 722.714(b); MSA
25.494(b). We affirmed the trial court's decision in
*Wolfe v Geno,* 122 Mich App 250; 332 NW2d 457
(1982), relying on *Shifter v Wolf,* 120 Mich App
182; 327 NW2d 429 (1982), *lv den* 417 Mich 892
(1983).

Several months after the release of our decision
the United States Supreme Court decided *Pickett
v Brown,* — US —; 103 S Ct 2199; 76 L Ed 2d 372
(1983), in which Tennessee's two-year statute of
limitations for paternity actions was declared vio-
lative of equal protection principles. On plaintiff's
application for leave to appeal, the Michigan Su-
preme Court directed us to reconsider our prior
decision in light of *Pickett v Brown,* 417 Mich
1090 (1983).

In striking down Tennessee's two-year limita-
tions period, the United States Supreme Court

followed precisely the reasoning set forth in *Mills v Habluetzel*, 456 US 91; 102 S Ct 1549; 71 L Ed 2d 770 (1982), where a one-year limitations period imposed by Texas was also found to be violative of equal protection principles. The analysis of *Mills v Habluetzel* had been followed by this Court in *Shifter v Wolf, supra,* where a different result was deemed justifiable given the difference in length between a one-year and a six-year statute of limitations.

Upon full consideration of plaintiff's claims, we reaffirm our earlier decision and again hold that Michigan's six-year statute of limitations for paternity actions does not violate the Equal Protection Clause of either the state or federal constitutions. US Const, Am XIV; Const 1963, art 1, § 2. *Pickett v Brown* does not alter the constitutional analysis to be applied in this case and we continue to rely on *Shifter v Wolf, supra,* in holding that (1) the six-year limitations period is substantially related to a permissible state interest in preventing the litigation of stale or fraudulent claims, see *Herrick v Taylor*, 113 Mich App 370, 374; 317 NW2d 631 (1982) and (2) six years provides a reasonable opportunity for legally interested parties to file paternity actions. See also *Daniel v Collier (On Remand)*, 130 Mich App 345; 343 NW2d 16 (1983).

Affirmed.

CYNAR, J. *(dissenting).* I must respectfully dissent from the majority. The paternity action is no doubt encouraged by the state whenever possible to determine and place the responsibility of support on the father, where such responsibility belongs. The mother brings the action in her own behalf to protect her right to continue to receive assistance for herself and her child. Otherwise, the child's interests are not represented. In addition to

the right of the child to receive support many other present as well as future rights of the child are involved, depending on the facts and circumstances of a specific case. I would reverse the trial court's order of dismissal and remand the matter to the trial court for the addition of the minor child as party plaintiff, acting through an appropriate appointed representative. Additionally, I would order a rehearing of the motion for accelerated judgment and after argument order briefs concerning the future rights of the child in this case, which rights have been decided with such finality.

Affirmed.