HOFFMAN v CAMPBELL

Docket No. 65787. Submitted August 17, 1983, at Grand Rapids.— Decided September 26, 1983.

Brenda Hoffman brought a paternity action against Thomas Campbell in the Barry Circuit Court, but it was subsequently voluntarily dismissed. She brought a second action and the court, Hudson E. Deming, J., granted a judgment of paternity and ordered child support. Defendant appealed. *Held:*

1. An order of voluntary dismissal is without prejudice unless otherwise specified by the court. The voluntary dismissal of the first action did not bar the subsequent suit.

2. The action should not have been dismissed on the ground that delay in bringing the action resulted in unfair prejudice to defendant. The action was brought within the statutory period.

3. Evidence of the results of a blood test performed at a time when such evidence was admissible only to prove nonpaternity was properly introduced to prove paternity. A statutory change subsequent to the test allowed admission of the test results. Statutes relating to remedies or modes of procedure which do not create new or take away vested rights will be held to operate retrospectively and will be applied to all actions accrued, pending or future, in the absence of language clearly showing a contrary intention. Defendant was not entitled to rely on a procedural rule which allowed admission of the test only for exclusion purposes.

4. Testimony regarding the hair color of other men dated was properly excluded since there was no evidence that plaintiff had engaged in sexual intercourse around the time of conception with any man other than the defendant.

Affirmed.

1. ACTIONS — DISMISSAL — COURT RULES.

An order of voluntary dismissal is without prejudice unless otherwise specified by the court (GCR 1963, 504.1[2]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 12.
[2] 73 Am Jur 2d, Statutes § 354.

2. STATUTES — RETROACTIVITY.

Statutes relating to remedies or modes of procedure which do not create new or take away vested rights will be held to operate retrospectively and will be applied to all actions accrued, pending or future, in the absence of language clearly showing a contrary intention.

*Judy H. Hughes,* Prosecuting Attorney, and *Alan C. Vander Laan,* Assistant Prosecuting Attorney, for plaintiff.

*Dimmers & McPhillips* (by *David A. Dimmers),* for defendant.

Before: DANHOF, C.J., and MACKENZIE and M. E. DODGE,\* JJ.

DANHOF, C.J. Defendant appeals as of right a jury determination of paternity. After a one-day trial on June 2, 1982, defendant was found to be the biological father of five-year-old Eric John Hoffman, born November 25, 1977. Defendant was ordered to pay child support of $25 per week.

In January, 1978, and November, 1979, prior to the initiation of the instant action, defendant was sent letters from the prosecutor's office requesting that defendant acknowledge paternity of plaintiff's child and informing him that, if he failed to do so, a paternity action would be instituted. Defendant refused to acknowledge paternity on both occasions. A lawsuit was filed after the November, 1979, letter but was voluntarily dismissed by plaintiff on April 28, 1980, prior to the date set for pretrial conference.

On appeal, defendant argues that the voluntary dismissal by plaintiff of the first paternity case bars the instant action. Although the order of dismissal did not specifically state whether dis-

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

missal was with or without prejudice, GCR 1963, 504.1(2) clearly provides that an order of voluntary dismissal is without prejudice unless otherwise specified by the court. On its face, the order of dismissal does not bar the present action. Defendant may not now challenge the substance of the first order of dismissal.

Defendant contends, too, that the trial judge should have granted defendant's motion to dismiss on the grounds that defendant had suffered unfair prejudice. Defendant claims that the delay in bringing the action to trial caused him to lose a witness who would otherwise have testified favorably for him. Defendant's argument is without merit. Plaintiff's action was brought within the six-year period of limitations set forth by the Legislature, MCL 722.714(b); MSA 25.494(b). The trial court would have had no authority to dismiss plaintiff's complaint on this ground.

Defendant also argues that the trial court erred by admitting into evidence the result of a human leukocyte antigen (HLA) blood test performed on defendant prior to trial. The blood tests were performed on February 16, 1982, at defendant's request. Defendant contended at trial and on appeal that he consented to the blood test only because he believed, in reliance on the then-effective MCL 722.716(d); MSA 25.496(d), that the test results could only be used for exclusion purposes.

Prior to April 20, 1982, blood test results were admissible in a paternity action only to prove that a defendant was not the biological father. MCL 722.716; MSA 25.496 was amended, effective April 20, 1982, and now provides:

"(4) The result of a blood or tissue typing test, and if a determination of exclusion of paternity cannot be made, a calculation of the probability of paternity made

by a person the court determines is qualified as an examiner of blood or tissue types based on the result of a blood or tissue typing test shall be admissible in evidence in the trial of the case."

The amended statute was in effect at the time of trial on June 2, 1982.

We find that the blood test results were properly admitted at trial. The general rule was stated by the Supreme Court in *Hansen-Snyder Co v General Motors Corp,* 371 Mich 480, 485; 124 NW2d 286 (1963), that:

"[S]tatutes related to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of a remedy or confirmation of rights already existing, do not come within the legal conception of retrospective law, or the general rule against retrospective operation of statutes. To the contrary, the statutes or amendments pertaining to procedure are generally held to operate retrospectively, where the statute or amendment does not contain language clearly showing a contrary intention. Indeed, in the absence of any savings clause, a new law changing a rule of practice is generally regarded as applicable to all cases then pending."

When an amendment concerns only a remedy or a procedure, it may be given a retrospective construction. *Kalamazoo City Education Ass'n v Kalamazoo Public Schools,* 406 Mich 579; 281 NW2d 454 (1979). The present statute, governing a rule of evidence, is properly applied retrospectively. Defendant was not entitled to rely on the procedural rule which allowed admission of the test results only for exclusion purposes. Accordingly, defendant is not entitled to revoke his consent after the rule of evidence is changed by the Legislature.

Defendant's final argument is that the trial

judge erred by excluding testimony regarding the hair color of other men plaintiff dated. This testimony was properly excluded since there was no testimony that plaintiff had engaged in sexual intercourse around the time of conception with any other man except defendant. The hair color of men plaintiff might have dated was therefore irrelevant. The Department of Social Services document signed by plaintiff prior to the dismissal of the first action was cumulative to plaintiff's testimony and its exclusion was not error.

Affirmed.