FRAZIER v CASTELLANI

Docket No. 68078. Submitted July 21, 1983, at Lansing.—Decided October 24, 1983. Leave to appeal applied for.

Plaintiff, Karen K. Frazier, brought a paternity action in the Ingham Circuit Court in October, 1981, alleging that defendant, Sam Castellani, was the father of her child, who was born on May 15, 1965. The facts indicated that the defendant apparently resided in Michigan for three years after the birth, left the state in 1968 and had not returned since that time. Defendant was personally served with the complaint and summons in Texas in November, 1981. Defendant responded by moving for an accelerated judgment, claiming that the six-year limitation period applicable to such actions barred plaintiff's claim and that the court lacked personal jurisdiction over him. The trial court, Jack W. Warren, J., granted the motion by order dated August 23, 1981. Following denial of plaintiff's motion for reconsideration, plaintiff appeals, alleging that the six-year period of limitation had been tolled as a result of defendant's absence from the state. *Held:*

1. The tolling provision of the Paternity Act does not apply when the nonresident defendant is amenable to service of process and the jurisdiction of the Michigan courts. The mere fact of a defendant's absence from the state will not suspend the limitation period when the defendant is amenable to process and subject to the jurisdiction of the courts during such absence, as was the case here.

2. The six-year limitation period of the Paternity Act does not violate the Equal Protection Clauses of the United States and Michigan Constitutions. The period of limitation is of sufficiently long duration to provide a reasonable opportunity to assert a claim for support and the time limitation is substan-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 10 Am Jur 2d, Bastards §§ 78, 79, 81.
Statute of limitations in illegitimacy or bastardy proceedings. 59 ALR3d 685.
[2] 10 Am Jur 2d, Bastards § 76.
[5] 10 Am Jur 2d, Bastards § 79.

tially related to the state's interest in avoiding the litigation of stale and fraudulent claims.

Affirmed.

1. PARENT AND CHILD — PATERNITY ACT — LIMITATION OF ACTIONS — TOLLING OF LIMITATION PERIOD — NONRESIDENT DEFENDANTS.

The provision of the Paternity Act tolling the period of limitation during the time that the defendant is outside the state does not apply where the nonresident defendant is amenable to service of process and the jurisdiction of the court during the time he is outside the state (MCL 722.714[b]; MSA 25.494[b]).

2. PARENT AND CHILD — PUTATIVE FATHERS — TORTS — JURISDICTION — LONG-ARM STATUTE.

The failure of a putative father to pay the costs of birth, confinement and the necessary support for the child is a tortious act triggering the application of the long-arm statute and bringing the putative father under the jurisdiction of the Michigan courts (MCL 600.705[2]; MSA 27A.705[2]).

3. LIMITATION OF ACTIONS — TOLLING OF LIMITATION PERIOD — ABSENCE FROM STATE.

The statute regarding the effect of a defendant's absence from the state on a period of limitation provides that if the defendant left the state after a claim had accrued against him, periods of absence from the state in excess of two months at a time would not be counted for purposes of the limitation period, unless a means of service of process sufficient to vest jurisdiction in a Michigan court was available to the plaintiff (MCL 600.5853; MSA 27A.5853).

4. LIMITATION OF ACTIONS — TOLLING OF LIMITATION PERIOD — ABSENCE FROM STATE.

Statutes of limitation are designed to promote diligence on the part of the plaintiff, to prevent the litigation of stale claims and to establish a reasonable, but limited, time for bringing an action; the purpose of a provision tolling a statute of limitation during a defendant's absence from the jurisdiction is to protect the right of a plaintiff to bring an action and to prevent a defendant from defeating a claim by absenting himself from the jurisdiction.

5. CONSTITUTIONAL LAW — LIMITATION OF ACTIONS — PATERNITY — CHILDREN BORN OUT OF WEDLOCK — EQUAL PROTECTION.

The six-year limitation period in which a paternity action must be brought does not violate the equal protection guarantees of

the United States and Michigan Constitutions; the period of limitation is of sufficiently long duration to provide a reasonable opportunity to assert a claim for support and is substantially related to the state's interest in avoiding the litigation of stale and fraudulent claims (US Const, Am XIV; Const 1963, art 1, § 2).

*Karl A. H. Bohnhoff,* for plaintiff.

*Farhat, Burns, Story & Stafford, P.C.* (by *Vittorio E. Porco),* for defendant.

Before: BEASLEY, P.J., and ALLEN and G. R. DENEWETH,* JJ.

ALLEN, J. Plaintiff commenced this paternity action in October, 1981, alleging that defendant was the father of her child, who was born May 15, 1965, MCL 722.711 *et seq.;* MSA 25.491 *et seq.* Plaintiff asserted that defendant left the State of Michigan in 1968 and had not returned since that time. Defendant was personally served with the complaint and summons in Texas in November, 1981. Defendant responded by moving for accelerated judgment, GCR 1963, 116.1(5), claiming that the six-year limitation period, MCL 722.714(b); MSA 25.494(b), barred plaintiff's paternity claim and that the court lacked personal jurisdiction over him. Defendant's motion was granted by order dated August 23, 1981. Following denial of plaintiff's motion for reconsideration, this appeal followed.

This appeal presents an issue of first impression for our resolution. We are called upon to consider the interrelationship between two statutory provisions and to determine what effect the long-arm statute, MCL 600.705(2); MSA 27A.705(2), has upon the tolling provision of the Paternity Act,

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 722.714(b); MSA 25.494(b). Those statutes read, in relevant part, respectively, as follows:

"The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:

\* \* \*

"(2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort."

"Proceedings in pursuance of this act may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than 6 years from the birth of the child, unless paternity has been acknowledged by the father in writing in accordance with statutory provisions. If any payment is made for support of the child in the 6-year period, the proceedings may be commenced any time within 6 years from the last of any such payment. If the defendant is outside the state during the 6-year period, the time he is so absent shall not be included in the 6-year period."

We conclude, and join the majority of other jurisdictions which hold, that the tolling provision of a statute does not apply when the nonresident defendant is amenable to service of process and the jurisdiction of the court.

Initially, we note that the failure of a putative father to pay the costs of birth, confinement and the necessary support for the child is a tortious act within the meaning of the long-arm statute. *Black v Rasile,* 113 Mich App 601; 318 NW2d 475 (1980), *lv den* 411 Mich 987 (1981).

The Paternity Act provides that the time a

defendant is absent from the state will not be included in the six-year limitation period. The statute is silent on the effect of amenability to service of process and the jurisdiction of the court on the tolling provision. The act was enacted in 1956, seven years before the effective date of the long-arm statute. At that time, nonresident defendants were not amenable to service of process and were therefore not subject to the jurisdiction of the Michigan courts. With the advent of the long-arm statute, a defendant's absence from the state was no longer a complete bar to obtaining personal jurisdiction. The existence of any one of the seven relationships enumerated in the statute was sufficient to enable a Michigan court to exercise limited personal jurisdiction over a nonresident defendant and to enter a valid judgment against him. MCL 600.5853; MSA 27A.5853 also became effective in 1963. That statute provides that, if the defendant left the state after a claim had accrued against him, periods of absence from the state in excess of two months at a time would not be counted for purposes of the limitation period, unless a means of service of process sufficient to vest jurisdiction in a Michigan court was available to plaintiff.

In determining the effect of the long-arm statute on the tolling provision of the Paternity Act, we are guided by the decision of the Supreme Court in *Hammel v Bettison,* 362 Mich 396; 107 NW2d 887 (1961), where the Court rejected plaintiff's argument that the period of limitation was suspended during the time that the defendant was absent from the state. The Court found that substituted service on the Secretary of State under the nonresident motor vehicle liability statute was available to the plaintiff and that defendant was at all times

subject to the process of the courts. Although that case involved the nonresident motorist statute, other jurisdictions have reached similar results in cases involving medical malpractice, personal injury and wrongful death actions. The majority of courts which have addressed the effect of a long-arm statute or a method of substituted service on a tolling provision which was silent on the effect of amenability to service of process have recognized that the tolling provision does not apply where the party claiming the benefit of the limitation defense was subject to personal jurisdiction. See 55 ALR3d 1158. See, also, *Byrne v Ogle,* 488 P2d 716 (Alas, 1971); *Jones v Watson,* 98 Idaho 606; 570 P2d 284 (1977); *Bray v Bayles,* 228 Kan 481; 618 P2d 807 (1980); *Gulf National Bank v King,* 362 So 2d 1253 (Miss, 1978); *Beedie v Shelley,* 610 P2d 713 (Mont, 1980); *Benally v Pigman,* 78 NM 189; 429 P2d 648 (1967); *Yarusso v Arbotowicz,* 41 NY2d 516; 393 NYS2d 968; 362 NE2d 600 (1977); *Broadfoot v Everett,* 270 NC 429; 154 SE2d 522 (1967); *Summerrise v Stephens,* 75 Wash 2d 808; 454 P2d 224 (1969); *Tarter v Insco,* 550 P2d 905 (Wy, 1976). We find the reasoning of those cases persuasive.

The purpose of a tolling provision is to protect the right of a plaintiff to bring an action and to prevent a defendant from defeating a claim by absenting himself from the jurisdiction. It preserves plaintiff's claim until such time as service on the defendant is made available. Statutes of limitation are designed to promote diligence on the part of the plaintiff, to prevent the litigation of stale claims and to establish a reasonable, but limited, time for bringing an action. In the present case, plaintiff filed her claim over 16 years after the birth of her child. Defendant apparently resided in the state for three years after the birth

and did not leave the state until 1968. The action was not filed until 1981. At all times, plaintiff had a means by which to obtain jurisdiction over defendant, physical presence and then the long-arm statute. To accept plaintiff's argument would mean that actions against absent defendants would virtually never be barred. We decline to accept that position. The mere fact of a defendant's absence from the state will not suspend the limitation period when the defendant is amenable to process and subject to the jurisdiction of the court.

The availability of the long-arm statute insures that plaintiff's right to bring suit is not delayed nor is she denied the opportunity to assert and prove her claim. We do not reach the question of whether the tolling provision is repealed by implication, but find that the better rule is that the tolling provision is not applicable if defendant is subject to the process of the court. We follow the majority of states and hold that the tolling provision does not apply where, as here, the defendant was amenable to service of process and the jurisdiction of the Michigan courts.

Plaintiff also claims that the six-year limitation period of the Paternity Act violates the Equal Protection Clauses of the United States and Michigan Constitutions, US Const, Am XIV; Const 1963, art 1, § 2, by discriminating against illegitimate children by limiting the time during which they may bring an action for paternal support when there is no comparable limitation on legitimate children. Similar arguments were considered and rejected by this Court in *Wolfe v Geno,* 122 Mich App 250; 332 NW2d 457 (1982); *Shifter v Wolf,* 120 Mich App 182; 327 NW2d 429 (1982); *McFetridge v Chiado,* 116 Mich App 528; 323 NW2d 470 (1982). Our six-year period of limitation is of sufficiently

long duration to provide a reasonable opportunity to assert a claim for support and the time limitation is substantially related to the state's interest in avoiding the litigation of stale and fraudulent claims. See *Mills v Habluetzel,* 456 US 91; 102 S Ct 1549; 71 L Ed 2d 770 (1982). We are not unmindful of the fact that the United States Supreme Court recently struck down the two-year period of limitation in the Tennessee paternity act. *Pickett v Brown,* — US —; 103 S Ct 2199; 76 L Ed 2d 372 (1983). Michigan's six-year limitation period does not suffer the same constitutional infirmities.

We affirm the decision of the lower court granting accelerated judgment to defendant for the reasons stated above. No costs, a question of statutory interpretation involved.