McFETRIDGE v CHIADO

Docket No. 78348. Submitted March 13, 1985, at Detroit.—Decided
    May 20, 1985. Leave to appeal applied for.

    Janet L. McFetridge brought a paternity action against Michael
        Chiado more than ten years after the birth of her child. The
        Wayne Circuit Court, James Montante, J., ruled that plaintiff's
        action was precluded by the six-year limitation period on
        paternity actions but that a declaratory judgment action could
        be maintained on behalf of the child. Defendant appealed from
        that part of the trial court's decision which would allow the
        bringing of a declaratory action on behalf of the child. The
        Court of Appeals agreed with defendant, reversed that portion
        of the trial court's judgment, and remanded the case to the
        trial court for entry of accelerated judgment in favor of defen-
        dant, 116 Mich App 528 (1982). Plaintiff then sought leave to
        appeal to the Supreme Court. Leave to appeal was denied, 417
        Mich 892 (1983). Several months later, plaintiff filed a delayed
        motion for reconsideration by the Supreme Court. That motion
        was also denied, 417 Mich 892 (1984). The circuit court then
        issued an order granting defendant's motion for summary
        judgment pursuant to the instructions of the Court of Appeals,
        Maureen Pulte Reilly, J. Plaintiff then filed a motion for
        rehearing, which the trial court denied, Lucile A. Watts, J.
        Plaintiff now appeals contending that the six-year period of
        limitation in the paternity act violates the equal protection
        clauses of the state and federal constitutions, that the limita-
        tion period in the paternity act has been preempted by federal
        law, and that the trial court erred in denying her motion for
        reconsideration. *Held:*

        1. Plaintiff's argument that the six-year period of limitation

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur 2d, Bastards § 78.
    Statutes limiting time for commencement of action to establish
        paternity of illegitimate child as violating child's constitutional
        rights. 16 ALR4th 926.
[2] 5 Am Jur 2d, Appeal and Error § 545.
[3] 4 Am Jur 2d, Appeal and Error § 309.
[4] 5 Am Jur 2d, Appeal and Error §§ 727, 785.

in the paternity act violates the equal protection clauses of the state and federal constitutions is without merit.

2. The issue of preemption was not raised at the trial level and is therefore deemed to be waived. Even so, a reading of the federal legislation in its entirety leads to the conclusion that the federal legislation was not intended to preempt state legislation but, rather, to encourage it.

3. The trial court erred in holding that the Supreme Court's denial of leave has precedential value. That error, however, was harmless.

Affirmed.

1. Children Born Out of Wedlock — Paternity — Constitutional Law — Equal Protection — Limitation of Actions.

The six-year period of limitation for bringing a paternity action in Michigan provides a reasonable opportunity to assert a claim; the six-year period does not violate the equal protection clause of either the state or federal constitution (MCL 722.714[b]; MSA 25.494[b]).

2. Appeal — Preserving Question.

Failure to raise an issue before the trial court waives review of that issue on appeal.

3. Courts — Supreme Court — Denial of Leave to Appeal.

A denial of leave to appeal by the Supreme Court has no precedential value.

4. Appeal — Remedies.

A result reached by a trial court will not be disturbed on appeal where the court reached the right result but assigned the wrong reason for it.

*Merrill, Tatham & Rosati, P.C.* (by *A. D. Rosati),* for plaintiff.

*Archer, Kenney & Wilson* (by *Robert K. Archer)* and *Norman L. Zemke, P.C.* (by *Norman L. Zemke),* for defendant.

Before: Cynar, P.J., and D. E. Holbrook, Jr., and R. L. Tahvonen,* JJ.

D. E. Holbrook, Jr., J. This action arises from

* Circuit judge, sitting on the Court of Appeals by assignment.

the birth of a daughter to plaintiff, Janet McFetridge, in 1969. Plaintiff contends that defendant is her child's father. Plaintiff did not institute this action until the child was 10 years of age. Defendant asserted that the statute of limitations, MCL 722.714(b); MSA 25.494(b), barred this action. A panel of this Court agreed with defendant and the action was remanded to the lower court for entry of accelerated judgment in favor of defendant. *McFetridge v Chiado,* 116 Mich App 528; 323 NW2d 470 (1982), *lv den* 417 Mich 892 (1983). After her request for leave to appeal to the Supreme Court was denied, plaintiff filed a delayed motion for reconsideration by the Supreme Court in light of *Pickett v Brown,* 462 US 1; 76 L Ed 2d 372; 103 S Ct 2199 (1983). That motion was denied on March 8, 1984. The circuit court then issued an order granting defendant's motion for summary judgment pursuant to our instructions in *McFetridge, supra.* Plaintiff filed a motion for rehearing in the circuit court, but rehearing was denied.

On appeal, plaintiff contends that the six-year statute of limitation under the paternity act violates the Michigan and federal equal protection clauses, that the limitation period in Michigan is preempted by federal law, and that the trial court erred when it denied her motion for reconsideration. We disagree and affirm.

Plaintiff's equal protection argument is based on *Pickett, supra.* Our review reveals that our statute differs from the Tennessee statute that was the basis of the Supreme Court's decision in *Pickett.* In *Pickett,* the period in which to institute an action was two years, as compared to our six-year period. Additionally in *Pickett,* exceptions were written into the statute for illegitimate children who are, or are likely to become, public charges that allowed the state to bring an action on behalf

of those children any time prior to their 18th birthday. 462 US 12. That exception undermined the state's argument that the limitation period was to prevent litigating stale or fraudulent claims. 462 US 14. Our statute has no such exceptions.

"(b) Proceedings in pursuance of this act may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than 6 years from the birth of the child, unless paternity has been acknowledged by the father in writing in accordance with statutory provisions. If any payment is made for support of the child in the 6-year period, the proceedings may be commenced any time within 6 years from the last of any such payment. If the defendant is outside the state * * * during the 6-year period, the time he is so absent shall not be included in the 6-year period." MCL 722.714(b); MSA 25.494(b).

We believe that our statute does not suffer from the same constitutional infirmities as the Tennessee statute and that six years provides a reasonable opportunity to assert a claim. *Frazier v Castellani,* 130 Mich App 9, 16; 342 NW2d 623 (1983), *lv den* 419 Mich 935 (1984), and *Daniel v Collier (On Remand),* 130 Mich App 345; 343 NW2d 16 (1983), *lv den* 419 Mich 853 (1984). Accordingly, this argument has no merit.

Plaintiff also argues that federal law has preempted our state's period of limitation. As this issue was not raised in the lower court, it is deemed to be waived. *Swartz v Dow Chemical Co,* 414 Mich 433, 446; 326 NW2d 804 (1982). In any event, our review of such legislation,[1] when read in its entirety, leads us to conclude that it was not

---

[1] Public Law 98-378 (August 16, 1984) provides in pertinent part:

"Sec. 466(a) In order to satisfy section 454(20)(A), each State must have in effect laws requiring the use of the following procedures,

intended to preempt legislation, but meant to encourage state legislation.

Plaintiff's final allegation is that the trial judge erred by holding that the Supreme Court's denial of leave has precedential value. While it is correct that a denial of leave has no precedential value, *Tebo v Havlik*, 418 Mich 350, 379; 343 NW2d 181 (1984), *reh den* 419 Mich 1201 (1984), we find the error to be harmless. GCR 1963, 529.1. When the right result is reached for a wrong reason, we do not disturb the holding. *Robertson v Detroit*, 131 Mich App 594; 345 NW2d 695 (1983).

Affirmed. Costs to appellee.

---

consistent with this section and with regulations of the Secretary, to increase the effectiveness of the program which the State administers under this part:

\*   \*   \*

"(5) Procedures which permit the establishment of the paternity of any child at any time prior to such child's eighteenth birthday.

\*   \*   \*

"Notwithstanding section 454(20)(B), the procedures which are required under paragraphs (3), (4), (6), and (7) need not be used or applied in cases where the State determines (using guidelines which are generally available within the State and which take into account the payment record of the absent parent, the availability of other remedies, and other relevant considerations) that such use or application would not carry out the purposes of this part or would be otherwise inappropriate in the circumstances."