SMITH v THOMPSON

Docket No. 84836. Submitted May 20, 1986, at Lansing. Decided July 21, 1986.

Mary H. Smith brought an action in the Ingham Circuit Court on November 3, 1982, against James Thompson alleging that defendant was the father of plaintiff's son, who was born on January 2, 1969. At the time of the birth, plaintiff was married. On February 15, 1978, plaintiff's husband obtained a divorce judgment stating that no children were born of the marriage. Defendant moved for dismissal based on the six-year period of limitations. The court, James T. Kallman, J., denied the motion. After a trial, defendant was found to be the father of the child. Defendant appealed. *Held:*

Actions brought under the Paternity Act may be brought during the pregnancy of the mother or at any time before the child reaches the age of eighteen. This is true regardless of when the cause of action arose and regardless of whether the action was barred prior to June 1, 1986.

Affirmed.

1. CHILDREN BORN OUT OF WEDLOCK — PATERNITY ACT.

A child born out of wedlock is a child begotten and born to a woman who was not married from the conception to the date of birth of the child, or a child which the court has determined to be a child born or conceived during a marriage but not the issue of that marriage (MCL 721.711[a]; MSA 25.491[a]).

2. LIMITATION OF ACTIONS — PATERNITY ACT.

Actions brought under the Paternity Act may be brought during the pregnancy of the mother or at any time before the child

REFERENCES

Am Jur 2d, Bastards §§ 1-44, 78, 79.

Statutes limiting time for commencement of action to establish paternity of illegimate child as violating child's constitutional rights. 16 ALR4th 926.

Who may dispute presumption of legitimacy of child conceived or born during wedlock. 90 ALR3d 1032.

Statute of limitations and illegitimacy or bastardy proceedings. 59 ALR3d 685.

reaches the age of eighteen and this is true regardless of when the cause of action arose and regardless of whether the action was barred prior to June 1, 1986 (MCL 722.714[2]; MSA 25.494[2]).

*Peter D. Houk,* Prosecuting Attorney, and *Barbara K. Hamm,* Assistant Prosecuting Attorney, for plaintiff.

*Stiles & Associates* (by *Charles R. Stiles*), for defendant.

Before: SHEPHERD, P.J., and ALLEN and G. R. COOK,* JJ.

SHEPHERD, P.J. Plaintiff commenced this paternity action on November 3, 1982, alleging that defendant was the father of her thirteen-year-old son who was born on January 2, 1969. Defendant moved to dismiss the case on the ground that the then-effective six-year statute of limitations for suits brought under the Paternity Act, MCL 722.711 *et seq.;* MSA 25.491 *et seq.,* barred plaintiff's action. The trial court denied the motion. The case was tried by a jury on April 1, 1985, and the jury found defendant to be the father of the child. Defendant appeals, arguing that the statute of limitations barred the action. We affirm. The newly amended statute of limitations which applies retroactively to the present case allows a paternity action to be commenced "at any time before the child reaches 18 years of age." 1986 PA 107.

Plaintiff was married but separated at the time the child was born on January 2, 1969. On February 15, 1978, plaintiff's former husband obtained a divorce judgment in Mississippi. The judgment stated that no children were born of the marriage.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff claimed in the present action that defendant was the father of the child. According to plaintiff, defendant visited the child and referred to him as his son until plaintiff instituted this action. Although defendant denied paternity, a blood analysis showed the likelihood of defendant's being the father as 93.3 percent.

The purpose of the Paternity Act is to provide for the support of children born out of wedlock. See the preamble to the Paternity Act, MCL 722.711 *et seq.;* MSA 25.491 *et seq.; In re Paternity of Flynn,* 130 Mich App 740, 754; 344 NW2d 352 (1983). Section 2(a) of the act provides that "[t]he parents of a child so born out of wedlock are liable for the necessary support and education of the child." MCL 722.712; MSA 25.492. "Out of wedlock" is defined in § 1(a):

> (a) "Child born out of wedlock" means a child begotten and born to a woman who was not married from the conception to the date of birth of the child, or a child which the court has determined to be a child born or conceived during a marriage but not the issue of that marriage. [MCL 722.711(a); MSA 25.491(a).]

The statute of limitations in effect prior to amendment on June 1, 1986, and addressed by the parties provided:

> (b) Proceedings in pursuance of this act may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than 6 years from the birth of the child, unless paternity has been acknowledged by the father in writing in accordance with statutory provisions. If any payment is made for support of the child in the 6-year period, the proceedings may be commenced any time within 6 years from the last of any such payment.

If the defendant is outside the state during the 6-year period, the time he is so absent shall not be included in the 6-year period. [MCL 722.714(b); MSA 25.494(b).]

The trial court held that the six-year statute of limitations did not bar this suit for two reasons: 1) the limitations period did not begin to run until the divorce judgment bastardizing the child was entered; and 2) the six-year statute of limitations constituted a denial of equal protection since a legitimate child may commence an action to enforce his right to support until he is eighteen years old. We note that the tolling issue is one of first impression. However, the equal protection issue has been decided in favor of constitutionality on a number of recent occasions. See *McFetridge v Chiado,* 143 Mich App 90; 371 NW2d 898 (1985), *Wolfe v Geno (On Remand),* 134 Mich App 433; 351 NW2d 316 (1984), and *Daniel v Collier (On Remand),* 130 Mich App 345; 343 NW2d 16 (1983), lv den 417 Mich 891 (1983) .

Although we agree with the trial court that the child did not become a "child born out of wedlock" until the judgment of divorce was entered, this issue is moot due to the recent, retroactive amendment to the limitations period set forth in § 4(2) of the Paternity Act, MCL 722.714; MSA 25.494. The act now provides that a paternity action may be commenced at any time before the child reaches eighteen years of age:

(2) Proceedings in pursuance of this act may be instituted during the pregnancy of the mother or at any time before the child reaches 18 years of age. This subsection shall apply regardless of whether the cause of action accrued before June 1, 1986 and regardless of whether the cause of action was barred under this subsection before June 1, 1986. [1986 PA 107.]

This amendment brings the statute of limitations imposed on illegitimate children into conformity with the time limit for enforcement of child support formerly enjoyed only by legitimate children. Since suit was commenced before plaintiff's son reached eighteen years of age, the statute of limitations did not bar the action. Even if, at the time of his ruling, the trial judge had ruled incorrectly based upon the six-year statute of limitations and even if he should have dismissed the case, we would have had no choice but to remand for trial based upon the new retroactive statute. Since a trial has already occurred, there is nothing to remand.

Affirmed.