HECK v McCONNELL

Docket No. 92568. Submitted March 3, 1987, at Lansing. Decided December 8, 1987.

Glen C. Heck brought a claim in the Alpena Circuit Court pursuant to the Paternity Act seeking to have himself declared the natural father of a minor child born December 22, 1976, to Anne T. McConnell. The trial court, Joseph P. Swallow, J., granted defendant's motion for summary disposition on the basis that it was barred by the applicable six-year period of limitations. Plaintiff appealed.

The Court of Appeals *held:*

The trial court erred in dismissing the action. 1986 PA 107, which amended the applicable period of limitations from six to eighteen years, is to be applied retrospectively, even to those claims previously barred by the prior limitations period. Plaintiff's claim was not time-barred. The amendment was permissible legislative action and did not impair any of defendant's vested rights.

Reversed.

1. PARENT AND CHILD — PATERNITY ACT — LIMITATION OF ACTIONS.

Proceedings in pursuance of the Paternity Act may be instituted during the pregnancy of the mother or at any time before the child reaches eighteen years of age regardless of whether the cause of action accrued before June 1, 1986, the effective date of an amendment of the limitations period from six to eighteen years, and regardless of whether the cause of action would have been barred under the statute of limitations in effect prior to June 1, 1986 (1986 PA 107, MCL 722.714[2]; MSA 25.494[2]).

2. STATUTES — JUDICIAL CONSTRUCTION.

A statute is not subject to judicial interpretation where its language is clear and unambiguous.

REFERENCES

Am Jur 2d, Parent and Child §§ 2, 24, 113.

Supreme Court's view as to the status and the rights of illegitimate children. 41 L Ed 2d 1228, secs. 1, 11.

Statute of limitations in illegitimacy or bastardy proceedings. 59 ALR3d 685.

3. STATUTES — PROSPECTIVITY — VESTED RIGHTS.

> The general rule is that statutes are prospective in their operation except where the contrary clearly appears from the context of the statute itself; a person's vested rights may not, however, be impaired by legislative action.

*Isackson & Wallace, P.C.* (by *Thomas J. La-Cross*), for plaintiff.

*Karen Jo McGinn,* for defendant.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and M. R. STEMPIEN,* JJ.

PER CURIAM. Plaintiff filed a claim pursuant to the Paternity Act, MCL 722.711 *et seq.;* MSA 25.491 *et seq.,* alleging that he is the father of defendant's minor child born December 22, 1976. Plaintiff and defendant were never married. Plaintiff's claim was dismissed pursuant to defendant's motion for summary disposition under MCR 2.116(C)(7) on the basis that it was barred by the applicable period of limitations. Plaintiff appeals as of right raising several issues, one of which we find dispositive: Even if plaintiff's action was barred by the statute of limitations contained in the Paternity Act, was the claim revived by 1986 PA 107, MCL 722.714(2); MSA 25.494(2)? That statute amended the statute of limitations period from six to eighteen years:

> Proceedings in pursuance of this act may be instituted during the pregnancy of the mother or at any time before the child reaches 18 years of age. This subsection shall apply regardless of whether the cause of action accrued before June 1, 1986 and regardless of whether the cause of action was barred under this subsection before June 1, 1986.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Since the above language is clear and unambiguous, the statute is not subject to judicial interpretation. *Lansing v Lansing Twp,* 356 Mich 641, 649; 97 NW2d 804 (1959).

The general rule in Michigan is that statutes are prospective in their operation except where the contrary clearly appears from the context of the statute itself. *Dow Chemical Co v Curtis,* 158 Mich App 347, 357; 404 NW2d 737 (1987). A person's vested rights may not, however, be impaired by legislative action. *Ramey v Public Service Comm,* 296 Mich 449, 461; 296 NW 323 (1941).

Here the clear language of the statute indicates that it is to be applied retrospectively, even to those claims previously barred by the prior limitations period. See *Smith v Thompson,* 153 Mich App 441; 395 NW2d 700 (1986). We do not find that this is an impermissible action by the Legislature, nor do we find that defendant has any vested rights impaired by the amendment. Accordingly, we conclude that 1986 PA 107 is to be applied retrospectively and, hence, plaintiff's claim is not time-barred. The trial court, therefore, erred in dismissing it.

Reversed and remanded for further proceedings.