OZARK v KAIS

Docket No. 115683. Submitted April 18, 1990, at Grand Rapids. Decided June 18, 1990.

Plaintiff, Marie Ozark, filed a paternity suit on May 19, 1983, alleging that defendant, Saleh K. Kais, was the father of her minor child, born April 23, 1976. On August 24, 1984, the trial court entered an order of dismissal at plaintiff's request because the six-year limitation period had expired. The order did not indicate whether the dismissal was with prejudice. On June 1, 1986, the Legislature amended the relevant statute by adopting an eighteen-year period of limitation for paternity actions. On September 18, 1987, plaintiff filed another paternity suit against defendant in the Saginaw Circuit Court. The trial court, Joseph R. McDonald, J., entered an order dismissing the action, ruling that the new period of limitation did not apply retroactively to plaintiff's case. This order was with prejudice. Plaintiff appealed.

The Court of Appeals *held:*

1. The fact that plaintiff's previous suit was dismissed because the six-year limitation period had expired does not bar her from filing another action under the new eighteen-year period of limitation. The eighteen-year limitation period is to be applied retroactively.

2. The order dismissing plaintiff's first suit was without prejudice.

3. The first action was not decided on its merits, therefore, the doctrine of res judicata does not bar plaintiff's second action.

Affirmed.

GRIFFIN, J., concurred in the result and noted that the second action is not barred by res judicata for the reason that the dismissal of the prior action is deemed to be without prejudice

REFERENCES

Am Jur 2d, Bastards §§ 78, 79, 94; Dismissal, Discontinuance, and Nonsuit § 12.

Statute of limitations in illegitimacy or bastardy proceedings. 59 ALR3d 685.

because the order in that case did not specify that the dismissal was with prejudice.

1. PARENT AND CHILD — PATERNITY ACT — LIMITATION OF ACTIONS.

The eighteen-year period of limitation for filing paternity actions, effective June 1, 1986, is to be applied retroactively, therefore, a new paternity action may be filed under the eighteen-year period even if a prior action has been dismissed pursuant to the prior six-year period of limitation (MCL 722.714[b], 722.714[2]; MSA 25.494[b], 25.494[2]).

2. ACTIONS — DISMISSAL.

Actions dismissed at the plaintiff's request are dismissed without prejudice unless the order specifies otherwise (MCR 2.504[A][2] [b]).

3. JUDGMENTS — RES JUDICATA.

The doctrine of res judicata bars a subsequent action between the same parties when the facts or evidence essential to maintenance of the two suits are identical and the issues and parties or privies are identical.

4. JUDGMENTS — RES JUDICATA.

There are three prerequisites to application of the doctrine of res judicata: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case must have been resolved in the first; and (3) both actions must have involved the same parties or their privies.

*Michael D. Thomas,* Prosecuting Attorney, and *Terry R. Manwell,* Assistant Prosecuting Attorney, for plaintiff.

*Christopher A. Picard,* for defendant.

Before: DOCTOROFF, P.J., and HOOD and GRIFFIN, JJ.

HOOD, J. Plaintiff appeals as of right from the February 15, 1989, order of the Saginaw Circuit Court dismissing her paternity action because a prior suit had been dismissed on the basis that the six-year period of limitation had run. Specifically, the trial court ruled that the amended statute

providing an eighteen-year limitation period did not apply retroactively to plaintiff's case. We reverse.

On May 19, 1983, plaintiff filed a paternity suit alleging that defendant was the father of her minor child, born April 23, 1976. Defendant then filed a motion for accelerated judgment alleging that the six-year period of limitation under MCL 722.714(b); MSA 25.494(b) had run. Subsequently, on August 24, 1984, the trial court entered an order of dismissal at plaintiff's request because the six-year limitation period had expired. The order did not indicate whether dismissal was with prejudice.

On June 1, 1986, the Legislature amended MCL 722.714(b); MSA 25.494(b) by adopting a new eighteen-year period of limitation for paternity actions. See MCL 722.714(2); MSA 25.494(2).

On September 18, 1987, plaintiff filed another paternity suit against defendant. Defendant filed a motion for summary disposition claiming that a final order of dismissal had been granted in the first action. Following a hearing, the trial court granted defendant's motion in a February 15, 1989, order. This order was with prejudice.

On appeal, plaintiff argues that the fact that her previous suit was dismissed because the six-year limitation period had expired does not bar her from filing another action under the new eighteen-year period of limitation. We agree.

At the time plaintiff's first action was filed, Michigan's Paternity Act, MCL 722.711 *et seq.*; MSA 25.491 *et seq.*, required that paternity suits be filed within six years from the date the child was born. MCL 722.714(b); MSA 25.494(b). This statute was amended to provide an eighteen-year limitation period. Specifically, the statute now states:

(2) Proceedings in pursuance of this act may be instituted during the pregnancy of the mother or at any time before the child reaches 18 years of age. This subsection shall apply regardless of whether the cause of action accrued before June 1, 1986 and regardless of whether the cause of action was barred under this subsection before June 1, 1986. [MCL 722.714(2); MSA 25.494(2).]

Defendant contends that if the Michigan Legislature intended to permit the reinstatement of paternity actions previously dismissed, it would have included specific language such as that contained in the federal family act. 42 USC 666(a)(5). However, our review of Michigan's statute and existing case law indicates that the eighteen-year period of limitation is to be applied retroactively and a new paternity action can be filed even if a prior action has been dismissed pursuant to the old limitation period.

In *Heck v McConnell,* 165 Mich App 52, 54; 418 NW2d 678 (1987), a panel of this Court held that MCL 722.714(2); MSA 25.494(2) had retroactive application. Specifically, the Court stated at 54:

[T]he clear language of the statute indicates that it is to be applied retrospectively, even to those claims previously barred by the prior limitations period.

More instructive is the panel's decision in *Smith v Thompson,* 153 Mich App 441, 444-445; 395 NW2d 700 (1986). In *Smith,* the plaintiff filed suit on November 3, 1982, alleging that the defendant was the father of her thirteen-year-old child, born January 2, 1969. The defendant moved to dismiss the case on the basis of the six-year period of limitation in MCL 722.714(b); MSA 25.494(b). The trial court denied the motion ruling that: (1) the

limitation period had not commenced running or was tolled until the divorce judgment bastardizing the child was entered; and (2) the six-year limitation period constituted a denial of equal protection.

In addressing the tolling issue, the *Smith* panel agreed with the trial court's ruling that the child had not become "born out of wedlock" for purposes of the Paternity Act until the divorce judgment was entered. However, the Court then indicated that the issue was moot because of the recent, retroactive amendment to the statute of limitations in MCL 722.714(2); MSA 25.494(2). *Id.,* p 444. The Court ruled that the plaintiff's action was not barred but then stated at 445:

> Even if, at the time of his ruling, the trial judge had ruled incorrectly based upon the six-year statute of limitations and even if he should have dismissed the case, we would have had no choice but to remand for trial based upon the new retroactive statute.[1]

While these statements are dicta, we find them helpful and persuasive in deciding the issue in the instant case. The *Smith* Court, in the above remarks, intimated that a paternity action could be maintained and would be tried on its merits even if a prior action had been dismissed on the basis of the six-year period of limitation. This is precisely the question involved in the case at bar. Thus, we believe that plaintiff could commence a second paternity suit despite dismissal of her first action on the basis of the six-year period of limitation. This conclusion is particularly logical in light of the fact that plaintiff's first action was dismissed

---

[1] The *Smith* Court found it unnecessary to remand the case because a trial had already occurred determining that the defendant was the child's father.

without prejudice. While the order dismissing plaintiff's first action did not state whether it was with or without prejudice, MCR 2.504(A)(2)(b) prescribes that actions dismissed at the plaintiff's request are dismissed without prejudice *unless the order specifies otherwise.* Furthermore, in *Hoffman v Campbell,* 129 Mich App 114, 116; 341 NW2d 246 (1983), a panel of this Court held that the plaintiff's voluntary dismissal of her first paternity action did not bar a subsequent suit because

> GCR 1963, 504.1(2) [Now MCR 2.504(A)(2)(b)] clearly provides that an order of voluntary dismissal is without prejudice unless otherwise specified by the court. On its face, the order of dismissal does not bar the present action.

Consequently, since (1) the order dismissing plaintiff's first suit was without prejudice, and (2) the eighteen-year limitation period is to be retroactively applied despite dismissal of a prior suit, we conclude that plaintiff could initiate a second paternity action against defendant.

However, we choose not to end our analysis here because defendant raises an argument that the doctrine of res judicata should have barred plaintiff's second action. Specifically defendant asserts that dismissal of the first suit on statute of limitations grounds was a determination on the merits of the case. We disagree.

The doctrine of res judicata bars a subsequent action between the same parties when the facts or evidence essential to maintenance of the two suits are identical and the issues and parties or privies are identical. *Roberts v City of Troy,* 170 Mich App 567, 577; 429 NW2d 206 (1988). There are three prerequisites that must be met for application of res judicata: (1) the prior action must have

been decided on its merits; (2) the issues raised in the second case must have been resolved in the first; and (3) both suits must have involved the same parties or their privies. *Id.*

In this case, the first action was dismissed on the basis of the statute of limitations. Such a dismissal was on a technical, procedural ground. The question whether defendant was the child's father was never adjudicated. Therefore, we find that the first action was not decided on its merits. The doctrine of res judicata does not apply. The major case defendant cites in support of his contention that dismissal based upon the statute of limitations is a determination of the merits, *Nathan v Rowan,* 651 F2d 1223 (CA 6, 1981), involved a shareholder's derivative suit, which is clearly distinguishable from a paternity suit and contains inapposite holdings. In addition, there is no good reason to penalize those who attempted, albeit belatedly, under the former statute, to establish paternity, while rewarding those who made no such attempt. To bar a subsequent action by those in the former group is to deny such children their entitlement to discover the identity of their biological father and to be supported by their biological father, while granting such an entitlement to those children whose representatives took no action on their behalf under the prior statute. The purpose of the doctrine of res judicata is to avoid the relitigation of claims. That purpose will not be defeated by allowing this cause to be litigated on its merits. Defendant's res judicata claim is without merit.

In sum, we find that the eighteen-year limitation period is retroactive and plaintiff's second action was not barred by dismissal of the first action on statute of limitations grounds or res judicata.

Since plaintiff filed her second action before the child reached eighteen years of age as required by

MCL 722.714(2); MSA 25.494(2), the trial court erred in granting defendant summary disposition and dismissing plaintiff's suit.

Reversed and remanded for further proceedings consistent with this opinion.

DOCTOROFF, P.J., concurred.

GRIFFIN, J. *(concurring).* I concur in the result. It is well settled that an order of dismissal with prejudice operates as a final judgment on the merits for res judicata purposes. *Brownridge v Michigan Mutual Ins Co,* 115 Mich App 745; 321 NW2d 798 (1982). The instant action, however, is not barred by res judicata for the reason that the dismissal of the prior action is deemed to be without prejudice because the order does not specify that the dismissal is with prejudice. Former GCR 1963, 504.1(2).[1]

---

[1] Former GCR 1963, 504.1(2) provided:

By Order of Court. Except as provided in sub-rule 504.1(1), an action shall not be dismissed at the plaintiff's instance unless by order of court upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the court shall not order the action dismissed over the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal by order of court under this paragraph is without prejudice.