EWING v BOLDEN

Docket No. 130297. Submitted April 14, 1992, at Lansing. Decided
    May 4, 1992, at 9:25 A.M.

    Iva Ewing was divorced from Leroy Bolden in 1956 in the
    Genesee Circuit Court, Philip Elliott, J., and was awarded
    custody of the parties' only child. The defendant was ordered to
    pay child support and all medical, dental, and hospital bills
    until the child attained the age of eighteen or finished high
    school. On November 14, 1989, the plaintiff moved to liquidate
    and reduce to a separate judgment the total amount of child
    support and medical expenses allegedly in arrears. She stated
    that she had not known until December 1, 1985, where the
    defendant had been residing and therefore had been unable to
    enforce the support obligation. Defendant, who apparently has
    resided in California for almost two decades, answered, claim-
    ing that the plaintiff was prevented from enforcing the terms of
    the divorce judgment because either the period of limitation
    had expired or the defense of laches applied. The plaintiff
    responded that the period of limitation had been tolled while
    the defendant was outside the state. The court, Judith A.
    Fullerton, J., entered an order disallowing the defendant's
    affirmative defenses and ordering him to pay the child support
    in arrears, plus interest and attorney fees. The defendant
    appealed.

    The Court of Appeals held:

    1. The trial court erred in ruling as a matter of law that the
    statute of limitations did not bar the request for overdue child
    support. The fact that the defendant was not living in the state
    did not prevent the period of limitation from running, because
    he was subject to the state's jurisdiction for this action and
    service of process was readily available.

    2. The applicable period of limitation for actions to enforce
    judgments or decrees is ten years. The period begins to run

REFERENCES

Am Jur 2d, Contracts § 126; Courts §§ 98 et seq.; Divorce and
    Separation §§ 1018 et seq.
See the Index to Annotations under Custody and Support of Chil-
    dren.

against child support payments when each installment becomes due. The plaintiff had ten years from January 28, 1973, when the full amount of child support became due, to seek payment. She did not bring her action within the period of limitation.

Reversed.

1. DIVORCE — CHILD SUPPORT — LIMITATION OF ACTIONS.

The ten-year period of limitation applicable to an action to enforce a judgment of child support begins to run against each child support obligation when it becomes due (MCL 600.5809[3], 600.5837; MSA 27A.5809[3], 27A.5837).

2. LIMITATION OF ACTIONS — PERIOD OF LIMITATION — TOLLING — DEFENDANT OUTSIDE STATE.

The statute that applies in certain circumstances to toll a period of limitation when the defendant is outside this state does not apply where the plaintiff has a means of obtaining personal jurisdiction and proper service of process while the defendant is outside the state (MCL 600.5853; MSA 27A.5853).

3. COURTS — JURISDICTION.

An action based on an original judgment in which jurisdiction with regard to the parties was proper, even if brought pursuant to a new complaint, is a continuation of the original action, and jurisdiction remains proper in the court that rendered the original judgment.

4. DIVORCE — CHILD SUPPORT — ENFORCEMENT OF SUPPORT OBLIGATION.

New process is not required to reduce a child support obligation to an enforceable, final judgment where there was personal jurisdiction over the parties at the time the judgment of divorce was granted.

*Stanley T. Dobry,* for the plaintiff.

*Richard M. Goldstein (Robert D. Goldstein,* of Counsel), for the defendant.

Before: CAVANAGH, P.J., and CONNOR and ROMAN J. SNOW,* JJ.

CONNOR, J. The parties to this case were di-

_____

* Former circuit judge, sitting on the Court of Appeals by assignment.

vorced in 1956 in the Genesee Circuit Court. The judgment of divorce provided for the support of the parties' only child. In 1989, plaintiff moved to liquidate and reduce to a separate judgment the total amount of child support in arrears. The trial court, in an order issued on June 5, 1990, denied defendant's motion for summary disposition, which was based on the defenses of laches and the statute of limitations, and ordered defendant to pay the overdue child support, plus interest and attorney fees. From the order of June 5, 1990, defendant appeals as of right. We reverse that order.

At the time of the divorce, defendant was in the military and stationed at an Air Force base in Texas, but he voluntarily submitted to the circuit court's jurisdiction for the divorce action.

The judgment of divorce was entered by the circuit court on April 16, 1956. Included in the judgment of divorce was the following provision for child support:

> It is further ordered, adjudged and decreed, that the said LeRoy Bolden shall pay to the Clerk of this Court the sum of $15.00 per week for the first two (2) years, then $20.00 per week for the support of the said minor child until said child attains the age of 18 years, or finishes high school, whichever comes first, plus all medical, dental and hospital bills.

In December 1960, the friend of the court filed a petition for a bench warrant for defendant's arrest because, at that time, there was $3,380 in child support in arrears. However, nothing further occurred in this case in the lower court until 1989, when plaintiff filed a petition to reduce to a judgment the amount of child support still owed.

The parties' only child, Nickolas, attained the age of eighteen years on January 28, 1973. When

the petition was filed on November 14, 1989, Nickolas was thirty-four years old.

In her petition for the past-due child support, plaintiff contended that she had not been aware of defendant's whereabouts since the 1950s and had learned that he was living in California only because of an article that appeared in 1985 in a Flint newspaper before defendant's induction into a local sports hall of fame. The article disclosed that defendant, after playing football at Michigan State University, joined the Air Force as a commissioned officer and had also played professional football. The article also disclosed that after the conclusion of his professional football career, defendant's

> post-football career began as a research assistant at Hollins College in Roanoke, Va. Then he joined the staff of Encyclopedia Brittanica. His next step was assistant director of admissions and the graduate business program at Stanford University.
>
> * * *
>
> He's been with Hewlett-Packard for nine years and works among 30 or 40 company divisions in the Bay Area. [Hoyes, *Bolden's Breakaway Still Burns in Flint Grid Lore,* The Flint Journal, December 1, 1985, p E6.]

According to the article, defendant has resided in California for almost two decades. Plaintiff contended that she had no personal knowledge regarding where defendant resided and therefore she was unable to enforce the support obligation. Plaintiff alleged that defendant owed approximately $18,200 for child support and approximately $500 for medical expenses.

In his answer to the petition, the defendant claimed that the plaintiff was prevented from enforcing the terms of the divorce judgment be-

cause either the period of limitation had expired or the defense of laches applied. It was also defendant's contention that he had paid some of the child support, and there allegedly was an agreement with plaintiff that she would notify defendant when, or if, she needed money.

Plaintiff's response to defendant's affirmative defenses was that the period of limitation was tolled for those years when defendant was not in the state, MCL 600.5853; MSA 27A.5853.

The trial court treated defendant's arguments as a motion for summary disposition of plaintiff's petition, and simply noted that it would not apply either theory to bar this case.[1] We believe that, under the facts of this case, this ruling was erroneous.

Plaintiff's petition to liquidate the amount owed for child support was an action to enforce the provisions of the divorce decree entered in 1956. The period of limitation for actions to enforce judgments or decrees is ten years, MCL 600.5809(3); MSA 27A.5809(3). *Gabler v Woditsch,* 143 Mich App 709, 710-711; 372 NW2d 647 (1985). For alimony payments (and child support payments by analogy), the period of limitation begins to run against each alimony installment when it becomes due. *Rybinski v Rybinski,* 333 Mich 592, 596; 53 NW2d 386 (1952); MCL 600.5837; MSA 27A.5837.

In this case, the full amount of child support became due on January 28, 1973, when the minor child reached the age of eighteen years. At that point, plaintiff's action to recover the child support

[1] The trial court, apparently referring to these defenses, noted that the motion for summary disposition was denied without prejudice, because defendant contended there still was a factual issue to be resolved regarding plaintiff's knowledge of defendant's whereabouts. We need not address this point because we have decided this case upon the legal arguments made.

payments had accrued in full, because no further payments were due according to the terms of the divorce decree. See *Gabler, supra,* pp 710-711. This gave plaintiff, at most, ten additional years to still seek payment for the accrued child support. *Id.,* p 711.

Plaintiff argued both below and on appeal that MCL 600.5853; MSA 27A.5853 applies to toll the period of limitation. That statute provides as follows:

> If any person is outside of this state at the time any claim accrues against him the period of limitation shall only begin to run when he enters this state *unless a means of service of process sufficient to vest the jurisdiction of a Michigan court over him was available to the plaintiff.* If after any claim accrues the person against whom the claim accrued is absent from this state, any and all periods of absence in excess of 2 months at a time shall not be counted as any part of the time limited for the commencement of the action *unless while he was outside of this state a means for service of process sufficient to vest the jurisdiction of a Michigan court over him was available to the plaintiff.* [Emphasis added.]

Regardless of when the claim accrued, the tolling provision is not applicable if the plaintiff had a means of obtaining personal jurisdiction and proper service over the defendant who was no longer in this state. *Schumacher v Tidswell,* 138 Mich App 708, 718-720; 360 NW2d 915 (1984); *Frazier v Castellani,* 130 Mich App 9, 12-15; 342 NW2d 623 (1983).

The Genesee Circuit Court had personal jurisdiction over defendant when the court issued the original judgment of divorce. Defendant agreed to submit to this state's jurisdiction for the divorce, although at the time he was in the military and

stationed in Texas. A party may agree to submit to personal jurisdiction in a particular forum. *Potomac Leasing Co v French Connection Shops, Inc,* 172 Mich App 108, 112; 431 NW2d 214 (1988).[2] Any subsequent action based on the original judgment, even if brought pursuant to a new complaint, is deemed to be a continuation of the original action so that jurisdiction is proper in the court that rendered the original judgment. *McGraw v Parsons,* 142 Mich App 22, 24-25; 369 NW2d 251 (1985). See also *Dittenber v Rettelle,* 162 Mich App 430, 435; 413 NW2d 70 (1987). Consequently, the action filed in 1989 to collect the original judgment was merely a continuation of the 1956 divorce action and the Genesee Circuit Court continued to have personal jurisdiction over the defendant.

Moreover, new process is not required to reduce a child support obligation to an enforceable, final judgment if there was personal jurisdiction over the parties at the time the judgment of divorce was granted. *Talbot v Talbot,* 99 Mich App 247, 253; 297 NW2d 896 (1980). In this case, because the action to collect the divorce judgment was merely a continuation of the divorce action, service of process would not have been necessary, only notice to defendant of the relief sought. *Id.* Regardless, the court rules provide for substituted service of process for nonresident defendants subject to personal jurisdiction in this state. See GCR 1963, 105.2(1), now MCR 2.105(A), (B).

We find that the Genesee Circuit Court had continuing personal jurisdiction over defendant in this case, MCL 600.5853; MSA 27A.5853, and that plaintiff had a means for service of process on

---

[2] See also MCL 600.705(7); MSA 27A.705(7) (effective April 1, 1975, establishing limited personal jurisdiction over nonresident defendants in divorce actions).

defendant sufficient to bring the action to collect the judgment. Consequently, MCL 600.5853; MSA 27A.5853 was inapplicable to toll the limitation period in this case.[3]

Plaintiff claimed she lacked knowledge of defendant's whereabouts, contending that defendant was "hiding" from his obligations to the minor child. These claims do not fall within any current provisions that may toll the period of limitation. If such an exception should be made, we believe it is up to the Legislature. If the plaintiff was having difficulty collecting the child support obligation because she could not find the defendant, she could have renewed the divorce judgment and brought the action at any time within the ten-year period of limitation following the child's eighteenth birthday. MCL 600.5809(3); MSA 27A.5809(3).

We are further constrained to reject plaintiff's argument because statutes of limitation are designed to promote diligence on the part of the plaintiff by establishing a reasonable, but limited, time for bringing an action in order to prevent the litigation of stale claims. *Frazier, supra,* p 14. In this case, we cannot conclude from the record that plaintiff was reasonably diligent in her efforts to enforce the child support obligation. If a custodial parent has the present means to locate an errant parent by utilizing common sources such as relatives, friends, alumni or professional associations, and former employers, that parent cannot simply sit back for years without making any effort to enforce the judgment. In this case, the plaintiff

[3] Although plaintiff contends that *Rybinski, supra,* is dispositive of this issue, we distinguish that decision because there is no discussion whether there was jurisdiction or service of process available against the defendant in *Rybinski.* That case was based on 1948 CL 609.17, which did not include the same language as now contained in MCL 600.5853; MSA 27A.5853, but courts have interpreted the predecessor statute as having the same purpose. See *Campbell v White,* 22 Mich 178, 187-199 (1871).

was aware of the defendant's substantial contacts with the Flint area, Michigan State University, and the United States Air Force. Defendant's educational and employment history appear to have been open and obvious, and his place of residence relatively stable.[4] Strained relationships between former spouses may make collecting child support an onerous task, but the custodial parent who seeks court intervention cannot ignore personal responsibility to cooperate with the court in seeking to enforce its orders. It is conceivable in this case that the defendant could have been located with minimal effort on the part of the plaintiff. If necessary, the plaintiff also could have solicited the assistance of the friend of the court and sought the aid of appropriate law enforcement authorities.[5]

Accordingly, we believe the trial court erred in ruling as a matter of law that the statute of limitations was not a bar to plaintiff's request for overdue child support. The mere fact that defendant was not living in this state does not prevent the period of limitation from running in this case because defendant was subject to the state's jurisdiction for this action and service of process was readily available. *Frazier, supra,* p 15. Given this

[4] We note that defendant's former hometown newspaper, The Flint Journal, was able to locate defendant in California when it decided to interview him for the 1985 article that apparently piqued the plaintiff's interest.

[5] We note that, procedurally, plaintiff had at her disposal the Uniform Reciprocal Enforcement of Support Act (URESA), now known as the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), MCL 780.151 *et seq.*; MSA 25.225(1) *et seq.*, for purposes of enforcing in another state an order of a Michigan court for child support. See *McMath v McMath,* 174 Mich App 576, 583; 436 NW2d 425 (1989). However, even before the terms of the URESA could become available to plaintiff, she had to have the amount of child support in arrears reduced to a money judgment. *Id.,* pp 582-583. We note too that the procedures available under the URESA are not relevant if efforts first are not made to locate the delinquent parent.

result, we need not address defendant's argument concerning the defense of laches.

Plaintiff has also argued that interest on the child support in arrears should have been granted, as well as attorney fees. Because plaintiff has not filed a cross appeal from the order appealed from, we decline to address these issues, not only because they are not preserved, but because they are also moot in light of our resolution of this case. *Michigan Ass'n of Administrative Law Judges v Personnel Director of the State of Michigan,* 156 Mich App 388, 395; 402 NW2d 19 (1986).

Reversed.